## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 05-10564 - WRS
                                                         Chapter 13
KENNETH CARL METZ,

      Debtor.


ROSLYN MEADOWS,

      Plaintiff,                                   Adv. Pro. No. 05-1053 - WRS

v.

KENNETH CARL METZ,

      Defendant.


### MEMORANDUM DECISION


On June 1, 2005, Plaintiff Roslyn Meadows filed a complaint styled as an

"Objection to Confirmation of Plan," asserting that the debt owed to her by the Debtor as

a result of a Judgment of Divorce is nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

(Doc. 1).  On June 10, 2005, the Debtor filed a motion to dismiss for failure to state a

claim upon which relief can be granted.  (Doc. 5)    This matter was heard on July 6,

2005.  (Doc. 6).  The Debtor was present by counsel Mac Borland, and Roslyn Meadows

was present by counsel Samuel L. Adams.  At the conclusion of the hearing the Court

took the matter under advisement and postponed confirmation of the Debtor's Chapter 13

plan pending the outcome of this decision.  For the reasons stated below, the Debtor's

motion to dismiss is DENIED.  (Doc. 5).  The Court will reserve ruling on the

confirmation of the Debtor's Chapter 13 plan until an evidentiary hearing on this matter

has been conducted.

## I.  FINDINGS OF FACT

The Debtor and his former spouse, Roslyn Meadows, were divorced pursuant to a

Judgment of the Circuit Court of Houston County, Alabama, on December 20, 2001.

(Doc. 1, Ex. A).  The Judgment of Divorce provided in relevant part "[t]hat the

Defendant shall pay to the Plaintiff as alimony the sum of $23,000.00 at 15% per annum

in equal payments of $650.00 per month until paid in full."  (Doc. 1, Ex. A).  The Debtor

filed this Chapter 13 case on March 16, 2005.  (Case No. 05-10564, Doc. 1).  The

Plaintiff filed a proof of claim in the amount of $23,000.00 as an unsecured priority

claim.  In his bankruptcy schedules, the Debtor listed the Plaintiff as holding an

unsecured non-priority claim in the amount of $18,342.83.  The Debtor contends that the

debt owed to Meadows is alimony in gross, which is in the form of a property settlement

and consequently not entitled to priority and therefore may be paid at something less than

100 cents on the dollar.  Meadows contends that the debt is in the nature of alimony,

support and maintenance and for that reason entitled to priority.  The resolution of this

dispute will ultimately come down to a determination of whether the Plaintiff's claim is

entitled to priority status pursuant to 11 U.S.C. § 507(7).[1]  If the debt owed to the

---

[1] Section 507(a)(7) provides the following:
    (7) Seventh, allowed claims for debts to a spouse, former spouse, or child of the debtor, for
    alimony to, maintenance for, or support of such spouse or child, in connection with a separation
    agreement, divorce decree or other order of a court of record, determination made in accordance
    with State or territorial law by a governmental unit, or property settlement, but not to the extent
    that such debt—
        (A) is assigned to another entity, voluntarily, by operation of law, or otherwise; or

2

Plaintiff is in the nature of a property settlement, it will be treated as a general unsecured claim and may be paid at less than 100 cents on the dollar. However if the obligation is in the nature of support, it is entitled to priority status and must be paid in full through the course of the Debtor's Chapter 13 plan. See 11 U.S.C. § 1322(a)(2).

## II. CONCLUSIONS OF LAW

When deciding a motion to dismiss, the Court is required to consider the complaint in the light most favorable to the plaintiff. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). Furthermore, "[a] complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief." Peterson v.Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (quoting Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992)). Stated another way, "[m]otions to dismiss for failure to state a claim should be denied unless it appears *beyond doubt that the Plaintiff can prove no set of facts in support of its claims*." Jackam v. Hospital Corp. of America Mideast, Ltd., 800 F.2d 1577, 1580 (11th Cir. 1986) (emphasis added) (quoting Bracewell v. Nicholson Air Services, Inc., 680 F.2d 103 (11th Cir. 1982)).

The relief that Meadows is seeking hinges upon the nature of the obligation[2] that arose from the Judgment of Divorce. The Debtor has been ordered by the Circuit Court

---

(B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

[2] See Townsend v. Townsend (In re Townsend), 155 B.R. 235, 238 (Bankr. S.D. Ala. 1992) (noting that Alabama recognizes two forms of alimony─ 1) periodic alimony provides a method for a spouse's maintenance and support which is nondischargeable in bankruptcy; and 2) alimony in gross which is a form of property settlement and is fully dischargeable).

3

in Houston County to pay the sum of $23,000.00 at 15% per annum in equal payments of $650.00 per month.  Meadows contends that these payments are in the nature of alimony, maintenance or support.  In reliance upon this conclusion, Meadows points to the fact that the Judgment of Divorce was subject to modification and the fact that the language used in the document does not unequivocally indicate the status of the debt owed.  Upon review of the record now before the Court, it cannot be concluded that Meadows can prove no set of facts which would entitle her to relief.[3]  The Debtor in this case has not met this high burden.

Furthermore, the Court reiterates that the threshold question involved in this Adversary Proceeding is whether or not the Plaintiff's claim is entitled to priority status pursuant to 11 U.S.C. § 507(a)(7).  This is significant in the context of a Chapter 13 plan because 11 U.S.C. § 1322(a)(2) states that the debtor must "provide for the full payment … of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim…"[4]  See also Brunson v. Austin (In re Austin), 271 B.R. 97, 104.  The determination of priority status will ultimately hinge upon whether the subject debt is in the nature of alimony, maintenance or support.  See 11 U.S.C. § 507(a)(7).[5]  Courts have developed multipronged tests to

---

[3] In the pleadings filed with the Court, Meadows has asserted that the debt in question is nondischargeable pursuant to 11 U.S.C. § 523(a)(15).  The relevance of § 523(a)(15) in the context of confirmation of a Chapter 13 plan has been explained by the court in Brunson v. Austin (In re Austin), 271 B.R. 97, 114 (Bankr. E.D. Va. 2001).  The court there stated that "[t]he only relevance the existence of § 523(a)(15) debt has in relation to confirmation of a Chapter 13 plan is in the determination of whether the Chapter 13 plan has been proposed in good faith as required by § 1325(a)(3)." Id.  The Court concurs with this reasoning and concludes that any analysis of § 523(a)(15), will be relevant in determining whether the Debtor's Chapter 13 plan has been proposed in good faith.

[4] There is no evidence that the Plaintiff has agreed to a different treatment, as she has filed a proof of claim asserting that she is the holder of an unsecured priority claim.

[5] Various courts have concluded that case law interpreting whether debts are in the nature of alimony, maintenance or support for purposes of 11 U.S.C. § 523(a)(5), is directly applicable and helpful in

4

determine whether a domestic obligation is actually in the nature of support pursuant to

11 U.S.C. § 523(a)(5) or 11 U.S.C. § 507(a)(7).  The Court concludes that it cannot make

this determination solely on the pleadings.


### III. CONCLUSION


In summary, the Court finds that it cannot be concluded that Meadows can prove

no set of facts which would entitle her to relief.  For that reason the Debtor's motion to

dismiss must be DENIED.  The Court will issue an Order by way of a separate document

setting an evidentiary hearing on the issue of the nature of the Debtor's obligation as

ordered by the Judgment of Divorce.  The Court will reserve ruling upon the

confirmation of the Debtor's Chapter 13 plan pending the outcome of the aforementioned

evidentiary hearing.


Done this 11th day of August, 2005.


/s/ William R. Sawyer
United States Bankruptcy Court


c: Samuel L. Adams, Attorney for Plaintiff
   Mac Borland Jr., Attorney for Defendant

---

determining whether such debts are entitled to priority status pursuant to 11 U.S.C. § 507(a)(7).  This consensus is based in large part on the near identical language shared between the two provisions and the purpose of 11 U.S.C. 507(a)(7).  See  Brunson v. Austin (In re Austin), 271 B.R. 97, 104-105, and cases cited therein; In re Pearce, 245 B.R. 578, 582 (Bankr. S.D. Ill. 2000); Dewey v. Dewey (In re Dewey), 223 B.R. 559, 563-564 (B.A.P. 10th Cir. 1998); In re Beverly, 196 B.R. 128, 130 (Bankr. W.D. Mo. 1996); In re Grady, 180 B.R. 461, 464 (Bankr. E.D. Va. 1995); Beupied v. Chang (In re Chang), 163 F.3d 1138, 1142 (9th Cir. 1998); Polishuk v. Polishuk (In re Polishuk), 243 B.R. 408, 416 (Bankr. N.D. Okla. 1999); In re McLaughlin, 320 B.R. 661, 664-665 (Bankr. N.D. Ohio 2005).